IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOE LEVI DAY, | : | MOTION TO VACATE |
| BOP No. 50946-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:13-CV-2590-MHS-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:00-CR-131-1-MHS-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Joe Levi Day's "Motion for Reduction of Sentencing Pursuant to 18 [U.S.C.] § 2255(f)(3) Pertaining to New United States Court Ruling." [Doc. No. 93]. For the following reasons, the undersigned recommends that Mr. Day's motion be dismissed and that a certificate of appealability be denied.

Mr. Day pled guilty in 2000 to drug trafficking crimes, and he was sentenced to a 235-month term of imprisonment. See [Doc. Nos. 60, 68, 78]. Mr. Day's direct appeal was denied. See [Doc. No. 79]. In 2003, Mr. Day moved under 28 U.S.C. § 2255 to have his sentence vacated, set aside, or corrected. See [Doc. No. 80]. This Court denied Mr. Day's § 2255 motion, see [Doc. No. 85], Mr. Day's motion for reconsideration, see [Doc. Nos. 87, 88], and Mr. Day's motion for clarification of the denial of his motion for reconsideration, see [Doc. Nos. 89, 90]. Those proceedings were concluded in 2007.

Mr. Day has now filed a second § 2255 motion. See [Doc. No. 93]. There is, however, no indication in Mr. Day's motion or in the record of prior proceedings that Mr. Day sought and received from the United States Court of Appeals for the Eleventh Circuit permission to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h). Without that permission, this Court is without jurisdiction to consider Mr. Day's motion. See, e.g., Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Because it plainly appears from Mr. Day's motion and the record of prior proceedings that he is not entitled to relief, dismissal of this case is required. See 28 U.S.C. foll. § 2255, Rule 4(b). Therefore, the undersigned **RECOMMENDS** that Mr. Day's motion [Doc. No. 93] be **DISMISSED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted).  Because Mr. Day has not indicated that the Eleventh Circuit has authorized his second § 2255 motion, he has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable.

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 14th day of August, 2013.

                                    *S/ E. Clayton Scofield III*
                                    E. CLAYTON SCOFIELD III
                                    UNITED STATES MAGISTRATE JUDGE

3